Dear Ms. Atkins,
You have requested an opinion of the Attorney General regarding whether the Clerk of Court for the Forty-First Judicial District Court ("Clerk"), as parish recorder of notarial records is required to book bind and maintain permanent custody of notarial records.
As your request states, the three separate offices for recording real property documents in Orleans Parish (the custodian of notarial records, the recorder of mortgages, and the register of conveyances) were abolished and merged into the office of the Clerk under a specific division and providing the same services as the former offices.[1] When these offices were merged into the Clerk's office, several provisions of law governing the book binding and maintenance of notarial records were repealed along with the structure of these offices prior to the consolidation.[2]
La.R.S. 35:323 was the old law regulating the handling and preservation of notarial records.[3] This law stated that the custodian of notarial records was mandated to take permanent custody of an act, contract, or instrument, after it had been filed in mortgage *Page 2 
or conveyance records.[4] The custodian was then required to file the document in his office in permanent, bound form.[5]
The new law establishing the general powers for the Clerk is contained in La.R.S. 44:182, which states that "[t]he clerk of court as the parish recorder shall have the same general powers as provided in R.S. 44:101 for recorders throughout the state."[6] In addition to this La.R.S. 44:182.1 states as follows:
[t]he clerk of court as the parish recorder shall be the successor to and shall exercise all powers, duties, functions, and responsibilities of the offices of the custodian of notarial records, the register of conveyances, and the recorder of mortgages, consistent with the provisions of this Chapter.[7]
The new law clearly provides the Clerk with the same statutory powers and responsibilities as other recorders for the State of Louisiana, but similarly vests the Clerk with the authority, duties, and responsibilities formerly granted to the custodian of notarial records, the register of conveyances, and the recorder of mortgages for the Parish of Orleans individually, provided that these powers do not conflict with the provisions of law consolidating these three offices into the office of the Clerk of Court of the Forty-First Judicial District Court.
In your request letter, you specifically ask two questions. First, you ask whether the Clerk is required to "book-bind" notarial records. As noted above, this "book binding" requirement was clearly required under the former law.[8] However, because La.R.S. 35:323, which stated that the custody of notarial records were to be maintained in permanent bound form, was repealed in 2006 (effective January 1, 2009). La.R.S. 44:182.1 maintains that the Clerk is "the successor to and shall exercise all powers, duties, functions, and responsibilities of the offices of the custodian of notarial records . . . consistent with the provisions of this Chapter." There are no provisions of law in Title 44 which appear inconsistent with La.R.S. 35:323, which implies that the Clerk shall *Page 3 
continue to book bind notarial records. In addition, although La.R.S. 35:323 was repealed, La.R.S. 35:199 (2)(c) still states as follows:
[t]he original of every authentic act, except chattel mortgages and acts relating to immovable property outside of Orleans Parish, passed before a notary public in Orleans Parish, and also every act, contract, and instrument except money judgments and chattel mortgages filed for record in the offices of either the recorder of mortgages or the registrar of conveyances for the parish of Orleans, shall, as a condition precedent to such filing in the office of the recorder of mortgages or the register of conveyances for the parish of Orleans, be first filed in the notarial archives of the parish of Orleans.[9]
This continues to support the conclusion that the Clerk, now overseeing the notarial archives for the parish of Orleans, should continue to take permanent custody of any acts, contracts, or instruments as La.R.S. 35:323 formerly required before each is also filed in mortgage or conveyance records, since this remains consistent with the law governing recorders and recordation in Title 44 of the Louisiana Revised Statutes.[10] Considering the originals of these documents must be maintained by the custodian of these records, it is the opinion of this Office that the Clerk should continue to file these documents in her office in permanent, bound form as previously required by law.[11]
Your second question dealing with whether the Clerk should maintain permanent custody of the records is addressed in several places in the Revised Statutes. Similarly, as stated above with regard to bookbinding notarial records, there are no provisions of law in Title 44 which appear inconsistent with La.R.S. 35:323. Therefore, the Clerk shall also continue to maintain permanent custody of notarial records in addition to bookbinding them. In support that La.R.S. 35:323 remains consistent with Title 44, La.R.S. 44:183(A) states that "[t]he clerk of court as the parish recorder may record acts by methods of reproduction as provided in R.S. 44:115." While La.R.S. 44:115, et seq., allows recorders to photographically reproduce recorded acts, La.R.S. 44:183(E) further states that that "[n]othing in this Chapter shall in any manner be construed to permit the destruction of any records presently in the possession of, or which may *Page 4 
hereafter come into the possession of the office of the clerk of court as the parish recorder."
While there is no express law currently enacted which requires book binding or maintaining permanent custody of notarial records by the Clerk, La.R.S. 44:116(B), dealing with the photostatic, photographic, microfilm, or other photographic or electronic copies of records, states that while such electronic or photographic reproduction is allowed, "the originals of conveyances, probate, mortgage, and other permanent records required by existing law to be kept for all time shall continue to be maintained in a book or bound volume." This Office is of the opinion that notarial records would fall within the definition of "other permanent records" referenced above and that these records should continue to be book bound and remain in permanent custody of the Clerk's office.[12] This Office is further of the opinion that book binding and maintaining permanent custody of notarial records is consistent with Title 44 of the Revised Statutes and these responsibilities transferred to the Clerk pursuant to La.R.S. 44:182.1.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ DANIEL D. HENRY JR. Assistant Attorney General
JDC/DDH/jv
[1] Act 621 of the 2006 Regular Session, referred to as the "Consolidation Law" merged the three offices into the Office of the Clerk of Civil District Court for the Parish of Orleans.
[2] La.R.S. 44:201, et seq., formerly established the Register of Conveyances for the Parish of Orleans. La.R.S. 44:231, et seq., formerly established the Recorder of Mortgages for the Parish of Orleans. La.R.S. 35:321, et seq., formerly established the Office and Custodian of Notarial Records for the Parish of Orleans. These laws were repealed, effective January 1, 2009 by Act 621 of the 2006 Regular Session.
[3] La.R.S. 35:323 was repealed by Acts 2006, No. 621, § 20(a), which became effective on January 1, 2009.
[4] La.R.S. 35:323(B)(1)(c), prior to repeal.
[5] Id.
[6] La.R.S. 44:101 provides the general statutory authority for recorders across the state wherein the recorders, within the each parish, are the recorders of mortgages, registers of conveyances and marriage contracts, recorders of births and deaths, and recorders of marks and brands.
[7] Emphasis added.
[8] La.R.S. 35:323.
[9] It should be noted that in addition to the portion of La.R.S. 35:199(2)(c) cited above, La.R.S. 35:199(2)(a) also states that notaries shall file instruments in the office of the custodian of notarial records for the parish of Orleans, if dealing with immovable property in Orleans Parish.
[10] La.R.S. 44:182.1.
[11] La.R.S. 35:323 remains consistent with the remainder of the consolidation law, the Clerk should continue to follow this law in continuing to exercise "all powers, duties, functions, and responsibilities of the offices of the custodian of notarial records" pursuant to La.R.S. 44:182.1
[12] This opinion only addresses the records usually kept by recorders throughout the State and does not include records preserved for use by the government and the citizens because of their intrinsic, historical, or evidentiary values that have become a part of the legacy government leaves for the state. Any records fitting this description should be in the custody of the Division of Archives within the Department of State pursuant to La.R.S. 44:401.